Williams v. Newburgh Enlarged City School District, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> > *Circuit Judges,*
> STEFAN R. UNDERHILL,[*]
> > *Chief District Judge.*

———————————————————————

Michael Williams,
> *Plaintiff-Appellant*,
>
> v.

Newburgh Enlarged City School District,
Newburgh Enlarged City School District Board
of Education,

> *Defendants-Appellees*,

City of Newburgh,

> *Defendants*.

———————————————————————

18-3282

FOR PLAINTIFF-APPELLANT:      Michael Williams, pro se, Newburgh, NY.

FOR DEFENDANTS-APPELLEES:      Gerald S. Smith, Esq., Silverman & Associates, White Plains, NY.

---

[*] Chief Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Williams appeals from a September 28, 2018 decision and order of the United States District Court for the Southern District of New York dismissing his claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and granting summary judgment in favor of defendants-appellees the Newburgh Enlarged City School District and the Newburgh Enlarged City School District Board of Education (collectively, the "School District"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review orders granting summary judgment *de novo* and determine whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012).

I.      Issues

Williams was previously represented by counsel but is now proceeding pro se. In the District Court he brought two causes of action against the School District under the ADA: (1) employment discrimination based on his prior illness; and (2) employment discrimination based on a perceived disability. His pro se appellate brief contains only two pages dedicated to discussing his claims. The brief does not identify any error in the district court's opinion, refer to the record, or cite any legal authority. We "liberally construe pleadings and briefs submitted by

pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks omitted). Here, we exercise our discretion to review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor. *See, e.g.*, *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017).

## II. Employment Discrimination Based on Prior Illness or Perceived Illness

Our review of Williams's hiring discrimination claim follows the *McDonnell Douglas* burden-shifting inquiry. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Like the district court, we assume that Williams met his minimal burden of establishing a *prima facie* case of discrimination. *See Williams v. Newburgh Enlarged City Sch. Dist.*, 16-cv-3276 (KMK), 2018 WL 4684146, at *7 (S.D.N.Y. Sept. 28, 2018). The burden then shifted to the School District to articulate a legitimate, non-discriminatory reason for its hiring decisions, which the School District satisfied by pointing to a long-standing practice of preferring current employees when selecting candidates for open positions.[2] In his complaint, Williams alleges that "[a]ny proffered basis for the denial of the position was an improper pretext" because "he was the most experienced and qualified applicant." Dist. Ct. Doc. No. 1 ¶¶ 33, 46. To establish pretext, Williams must "either directly . . . persuad[e] the court that a discriminatory reason more likely motivated the employer or indirectly . . . show[] that the employer's proffered explanation is unworthy of credence." *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1113 (2d Cir. 1988) (quoting

---

2 Williams retired from the District in October 2012.

3

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). There is no dispute that due to his many years of experience, Williams was qualified for the cleaner positions. The problem, however, is that the School District's hiring policy is not based on seniority. Rather, the School District places a greater value on promoting and transferring current employees within the district. The question then becomes whether the School District's policy was applied consistently. Williams does not dispute that every applicant who was hired for an open cleaner position already worked for the School District, oftentimes in the very buildings for which there was an open position. Moreover, Williams does not point to any outside applicants, disabled or not, who were hired instead of him. In each and every instance, the School District documented a non-discriminatory motive for not offering Williams a position.[3]

In passing, Williams also argues that the School District was "biased" against him because he filed a workers' compensation claim during the course of his employment. He further alleges that his direct supervisor encouraged him to retire. As the district court correctly observed, in considering the strongest arguments Williams's submissions may suggest, he uses the workers' compensation and the early retirement allegations "as background evidence of [the School District's] discriminatory motives." *Williams*, 2018 WL 4684146, at \*11 n.12. To support an inference of bias and retaliatory animus, Williams points to a workers' compensation claim filed sometime during his employment. Other than Williams's general claim of discrimination, the

---

3 The March 27, 2014 cleaning position was filled by a candidate "already employed in the District." Supp. App'x 1. The August 20, 2014 cleaning position was "filled by a current employee seeking a transfer." Supp. App'x 2. The August 25, 2014 cleaning positions were filled by "current employees [who] were recommended and placed in the positions." *Id.* Likewise, the September 2, 2014 and September 15, 2014 cleaning positions were filled by current employees.

4

record is barren of any evidence that the School District failed to hire him in 2014 because he filed a workers' compensation claim at some point before he retired in 2012. Thus, Williams has failed to show a causal connection between his application for workers' compensation benefits and the School District's hiring decisions.

Williams also claims, and the School District disputes, that his supervisor "advised [him] to retire from [his] position as cleaner on October 9, 2012." Appellant's Br. at 4. The question is whether a standalone comment made in 2012 creates an inference of discrimination for hiring decisions made in 2014. Taking the allegation as true, the conversation between Williams and his supervisor took place two years before the alleged failure to hire. The lack of temporal proximity, combined with the isolated nature of the comment, does not give rise to an inference of discrimination. Although the remarks were made by the decision-maker, Williams has failed to show that the supervisor's remarks in 2012 are related to the decision process in 2014. Accordingly, with respect to the School District's hiring practices, Williams has failed to produce sufficient evidence to demonstrate that the policy was a pretext for discrimination.

### III. Issues Raised for the First Time on Appeal

Williams raises several arguments for the first time on appeal. He claims that the School District breached its contractual duties by failing to hold his position open while he recovered from his illness. Williams also alleges, contrary to the evidence in the record, that the School District wrongfully terminated him on October 3, 2011. The well-established general rule is that an appellate court will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120–21 (1976). The rule, however, is not an absolute bar to raising new issues on appeal, as the Court may, in its discretion, depart from the general rule to remedy

manifest or obvious injustice. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). That being said, to present an issue for appellate review, it is not enough to merely mention the issue in a brief, as Williams has done here. *See Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 107 (2d Cir. 2012); *see also Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that pro se litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing"). We see no reason to depart from the general rule here. For the reasons set forth below, Williams's newly raised claims are either time-barred or lack merit. Therefore, to allow Williams to advance new theories or inject new issues on appeal will not serve the purpose of remedying manifest or obvious injustice.

Williams claims that the School District wrongfully terminated him in October 2011, when he was still on medical leave. As evidence of the alleged wrongful termination, Williams points to a letter dated October 4, 2011, in which the School District notified him that his "position with the [School] District [had] ended" effective October 3, 2011. Appellant's Br. at 7. At the time the letter was sent, Williams was on medical leave. The ADA prohibits discharge of any "qualified individual with a disability" for discriminatory or retaliatory reasons. *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (quoting 42 U.S.C. § 12112(a)). To establish a *prima facie* case of discriminatory discharge, the "plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. County of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010). Williams satisfies the first two prongs of a *prima facie* case for discriminatory discharge; however,

6

he falls short of satisfying the last two elements. Williams alleges that the School District "advised [him] to retire from [his] position as cleaner on October 9, 2012" but "they had already sent [him] a letter of termination on October 3, 2011." Appellant's Br. at 4. Williams offers the letter dated October 4, 2011 as proof of his actual termination while on medical leave. It appears, however, that the letter dated October 4, 2011 was sent in error. According to a payroll status form, Williams continued receiving a salary from the School District through November 10, 2011. Additionally, the form shows that Williams retired from his position over a year later, on October 9, 2012. That fact is corroborated by Williams's deposition testimony, as well as a handwritten letter dated October 9, 2012, in which Williams announced his retirement. Other than the letter dated October 4, 2011, which is at odds with the record, there is no other evidence of an actual termination. Therefore, Williams has failed to show that he "suffered an adverse employment action" on October 3, 2011. Even if Williams is allowed to make arguments not raised in the district court, his claim of wrongful termination lacks merit.

Finally, Williams claims that the School District's failure to hold his position open while he sought treatment from February 2011 to September 2012 constitutes a breach of contract—a claim he failed to raise in the district court. Unfortunately for Williams, he has a timing issue. Under New York law, a breach of contract action is subject to a six-year statute of limitations. N.Y. C.P.L.R. 213(1)-(2) (McKinney 2019). To file a lawsuit against a Board of Education, however, the statute of limitations is one year. N.Y. Educ. Law § 3813(2–b) (McKinney 2019). "A cause of action for breach of contract accrues and the statute of limitations commences when the contract is breached." *T & N PLC v. Fred S. James & Co. of N.Y.*, 29 F.3d 57, 59 (2d Cir. 1994). The alleged breach occurred in September 2012 when Williams was cleared to return to

7

work but found the position he had occupied was filled.   Williams did not file suit within one year of the alleged breach, accordingly, his breach of contract claim is untimely.

We have considered all of Williams's remaining arguments and find them to be without merit.   Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court